SEND<br>JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7852 PA (CTx) | Date | December 15, 2008 |
|---|---|---|---|
| Title | Wendy J. Kheel v. Am. Gen. Life Ins. Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant American General Life Insurance Company ("Defendant"). (Docket No. 1.) Defendant asserts that federal jurisdiction exists on the basis of diversity of citizenship.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). As the party seeking to invoke this Court's jurisdiction, Defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (citations omitted).

    Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

    Here, Defendant alleges in its Notice of Removal that it "is informed and believes and on that basis alleges that Plaintiff is, and at all relevant times was, a resident and citizen of the State of California, County of Los Angeles. Plaintiff's residence and citizenship is so stated and alleged in

SEND<br>JS-6

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7852 PA (CTx) | Date | December 15, 2008 |
|---|---|---|---|
| Title | Wendy J. Kheel v. Am. Gen. Life Ins. Co. | | |

paragraph one of the Complaint." (Notice of Removal 3.) Defendant's characterization of the Complaint is incorrect, however. Plaintiff merely states that she is "an individual who, at all relevant times, resided in the County of Los Angeles, State of California." (Compl. ¶ 1.) Thus, Plaintiff states her residence, but not her citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).

Because neither the "four corners" of the complaint nor the Notice of Removal contain sufficient allegations concerning Plaintiff's citizenship, Defendant has not met its burden to establish this Court's jurisdiction. See id. Accordingly, the Court remands this action to Los Angeles Superior Court, North Central District, Case Number EC 048319, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.